IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Wendy Elaine McCollough, | ) | C/A No.: 1:12-208-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration,[1] | ) ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This appeal from a denial of social security benefits is before the court for a Report and Recommendation ("Report") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The two issues before the court are whether the Commissioner's findings of fact are supported by substantial evidence and whether she applied the proper legal standards. For the reasons that follow, the undersigned recommends that the Commissioner's decision be affirmed.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this lawsuit.

I.      Relevant Background[2]

    A.      Procedural History

On August 10, 2009, Plaintiff filed applications for DIB and SSI in which she alleged her disability began on January 17, 2005. Tr. at 131–33, 139–41. Her applications were denied initially and upon reconsideration. Tr. at 49–50, 53–54. On June 9, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"). Tr. at 27–48 (Hr'g Tr.). The ALJ issued an unfavorable decision on June 17, 2011, finding that Plaintiff was not disabled within the meaning of the Act. Tr. at 11–20. Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 1–3. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on January 23, 2012. [Entry #1].

    B.      The ALJ's Findings

In her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2008.
2. The claimant has not engaged in substantial gainful activity since January 17, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

---

[2] The undersigned typically provides a detailed summary of a plaintiff's medical history and the testimony at the administrative hearing. However, the narrow scope of review on the sole issue of credibility and the comprehensive background provided in the Commissioner's brief [Entry #11] renders such a summary superfluous in this case.

3.  The claimant has the following severe impairments: depressive disorder, bipolar disorder and anxiety (20 CFR 404.1520(c) and 416.920(c)).
4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can perform only simple and repetitive tasks, and she can have only occasional interaction with coworkers and the general public.
6.  The claimant has no past relevant work (20 CFR 404.1565 and 416.965).
7.  The claimant was born on February 13, 1967 and was 37 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
9.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
11. The claimant has not been under a disability, as defined in the Social Security Act, from January 17, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. at 13–20.

II. Discussion

    A.  Legal Framework

        1.  The Commissioner's Determination-of-Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether she has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[3] (4) whether such impairment prevents claimant from performing past relevant work ("PRW");[4] and (5) whether the impairment prevents her from doing substantial gainful employment. *See* 20

---

[3] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, she will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that her impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[4] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if she can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing her inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that she is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

      2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [] made after a hearing to which he was a party."  42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case.  *See Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence."  *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)).  Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence.  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).  Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that his conclusion is rational.  *See Vitek*, 438 F.2d at 1157–58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision."  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

B.     Analysis

Plaintiff alleges that the ALJ erred in failing to afford great weight to her subjective complaints of pain. [Entry #10 at 2]. The Commissioner argues that the ALJ reasonably found that Plaintiff's statements about her symptoms were not entirely credible and properly explained the basis for this finding. [Entry #11 at 11–15].

Prior to considering a claimant's subjective complaints, an ALJ must find a claimant has an underlying impairment that has been established by objective medical evidence that would reasonably be expected to cause subjective complaints of the severity and persistence alleged. *See* 20 C.F.R. § 404.1529; 20 C.F.R. § 416.929; SSR 96-7p; *Craig v. Chater*, 76 F.3d 585, 591–96 (4th Cir. 1996) (discussing the regulation-based two-part test for evaluating pain). The first part of the test "does not . . . entail a determination of the intensity, persistence, or functionally limiting effect of the claimant's asserted pain." 76 F.3d at 594 (internal quotation omitted). Second, and only after claimant has satisfied the threshold inquiry, the ALJ is to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Id.* at 595. This second step requires the ALJ to consider the record as a whole, including both objective and subjective evidence, and SSR 96-7p cautions that a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, ¶ 4.

If an ALJ rejects a claimant's testimony about her pain or physical condition, the ALJ must explain the bases for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of Health & Human Servs.*, 898 F.2d 21, 23 (4th Cir. 1989). "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, ¶ 5. In evaluating the intensity, persistence, and limiting effects of an individual's symptoms and the extent to which they limit an individual's ability to perform basic work activities, adjudicators are to consider all record evidence, which can include the following: the objective medical evidence; the individual's activities of daily living ("ADLs"); the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any measures other than treatment the individual uses to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

Here, after setting forth the applicable regulations, the ALJ considered Plaintiff's subjective claims under the required two-step process. *See Craig*, 76 F.3d at 591–96.

The ALJ found Plaintiff's medically-determinable impairments could reasonably be expected to cause some of the symptoms she alleged, but determined that Plaintiff's testimony "concerning the intensity, persistence and limiting effects" of her symptoms was "not fully credible to the extent" the testimony was inconsistent with the ALJ's determination of her RFC.  Tr. at 18.

In so finding, the ALJ first noted that the medical evidence of record does not reveal that Plaintiff's symptoms are as limiting as she alleges.  Tr. at 17.  The ALJ cited to medical records documenting Global Assessment Functioning scores reflecting moderate to mild functional limitations.  *Id.*  She also properly considered Plaintiff's improvement while on medication.  *Id.*; *see also Gross v. Heckler*, 785 F.2d 1163, 1165–66 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling.").  The ALJ gave considerable weight to the assessment of Dr. Trina Jackson, whose report was inconsistent with Plaintiff's subjective complaints.  Tr. at 17–18. Dr. Jackson observed that Plaintiff appeared somewhat depressed, but had a dramatic flair and appeared to carefully present herself in a depressed manner.  Tr. at 18.  Dr. Jackson further noted that Plaintiff's reports that she stayed in bed and watched television most days of the week were inconsistent with her reports that she went out on a regular basis to get drunk.  *Id.*

The ALJ also noted Plaintiff's history of incarceration for grand larceny.  *Id.*  The ALJ stated that while Plaintiff's incarceration does not, per se, affect her credibility, the conviction involves a finding of moral turpitude, which is relevant to the credibility

9

determination. *Id.* The ALJ referenced Plaintiff's intermittent work, including as a cab driver, and found that it suggested Plaintiff's symptoms were not as limiting as she described. *Id.* The ALJ discussed Plaintiff's ADLs, which included driving, independent care, doing laundry, and shopping. Tr. at 15.

Finally, the ALJ properly considered inconsistencies between Plaintiff's testimony and the medical evidence of record. *See* SSR 96-7p, at *5 ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."). For example, Plaintiff testified that she had not consumed alcohol in a couple of years, but the medical evidence documented alcohol consumption as late as June 2010. Tr. at 14. Plaintiff also testified to isolative behavior and irritability around other people, but the ALJ noted that her work as a waitress, cab driver, and convenience store clerk required interaction with others on a regular basis. Tr. at 15.

Based on the foregoing, the undersigned recommends finding that the ALJ adequately considered Plaintiff's subjective complaints and articulated her reasons for finding Plaintiff's claims about her pain less than fully credible.

III.  Conclusion and Recommendation

The court's function is not to substitute its own judgment for that of the Commissioner, but to determine whether her decision is supported as a matter of fact and law. Based on the foregoing, the undersigned recommends the Commissioner's decision be affirmed.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 26, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).