IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Wendy Elaine McCullough, ) | Civil Action No. 1:12-208-MGL |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant ) | |
| _____) | |

Through this action, Wendy Elaine McCullough ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) asserting that the Commissioner's decision was not supported by substantial evidence and the Commissioner did not apply the proper legal standards. The matter is currently before the Court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C. and filed on April 26, 2013. (ECF No. 14.) In the Report, Magistrate Judge Hodges set forth the relevant standards of law and facts related to this case. For the reasons set forth below, the Court adopts the Report and affirms the Commissioner's decision.

**STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this lawsuit.

*Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district Court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The well-reasoned Report recommends that the Commissioner's decision be affirmed. No objections have been filed to the Magistrate Judge's Report. Absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any party who fails to file timely, written objections to the Magistrate Judge's Report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984), *cert. denied*, 467 U.S. 1208 (1984).

## CONCLUSION

The Court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Thus, the Court adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

May 22, 2013
Spartanburg, South Carolina